■ In the Matter of ABRAHAM BERENS et al., Appellants, v PLANNING BOARD OF THE VILLAGE OF SANDS POINT et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Sands Point, dated October 25, 1982, which granted to The Community Synagogue final approval of a certain subdivision, petitioners appeal from a judgment of the Supreme Court, Nassau County (Harwood, J.), dated April 14, 1983, which denied their petition. ¶ Judgment affirmed, with costs. ¶ The standard for judicial review of a determination by a village planning board is whether the determination "is illegal, in whole or in part" (Village Law, § 7-740). Upon review of the record, it is clear that the Planning Board's determination herein was not illegal but rather was based upon a reasonable interpretation of the term "high water mark", that is, the mean of all the high tides over a certain period of time (see, generally, *Borax Cons. v Los Angeles,* 296 US 10). Moreover, the record indicates that the customary surveying practice in the Village of Sands Point was to calculate the location of the high-water mark by reference to the mean high-water line. "To give effect to such uniform practice is not * * * to delegate arbitrary powers to surveyors to determine property lines; rather it is the obverse, namely, to recognize that property lines are fixed by reference to long-time surveying practice" (*Dolphin Lane Assoc. v Town of Southampton,* 37 NY2d 292, 297). Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.